THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**FILED**
FEB 14 2024
Clerk, U.S. District Court
Texas Eastern

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 4:24CR 27 |
| | § | Judge |
| KEVIN SHELTON (1) | § | SDJ / KPJ |
| STEPHANIE SHELTON (2) | § | |
| a/k/a "Stephanie Celine Stewart" | § | |
| JAI ELLIS (3) | § | **SEALED** |
| a/k/a "Jai Harris" | § | |
| CLAY YORK (4) | § | |
| STEPHANIE YORK (5) | § | |
| JEFFREY CORNWELL (6) | § | |
| a/k/a "Boomer" | § | |
| RAMAN BHAUMIK (7) | § | |
| a/k/a "RamanDeep" | § | |
| PRASENJIT BHAUMIK (8) | § | |
| a/k/a "Jay" | § | |
| DAVID POKORNY (9) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Manufacture and Distribute a Controlled Substance)

That from in or around 2016 and continuing through the date of this Indictment, in the Eastern District of Texas and elsewhere, the defendants,

| | |
|---|---|
| Kevin Shelton | Jeffrey Cornwell |
| Stephanie Shelton | Raman Bhaumik |
| Jai Ellis | Prasenjit Bhaumik |
| Clay York | David Pokorny |
| Stephanie York | |

did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture and distribute Hydrocodone, Oxandrolone, Nandrolone, Phentermine, Alprazolam, Diazepam, Testosterone, Tramadol, Adderall, Dextroamphetamine, and other controlled substances, in violation of 21 U.S.C. § 841(a)(1).

      In violation of 21 U.S.C. § 846.

### Count Two

Violation: 18 U.S.C. § 1956(h)
(Conspiracy to Commit Money Laundering)

From in or around 2016 and continuing up through and including the date of this Indictment, in the Eastern District of Texas and elsewhere, the defendants,

| | |
|---|---|
| **Kevin Shelton** | **Jeffrey Cornwell** |
| **Stephanie Shelton** | **Raman Bhaumik** |
| **Jai Ellis** | **Prasenjit Bhaumik** |
| **Clay York** | **David Pokorny** |
| **Stephanie York** | |

along with others both known and unknown to the Grand Jury, did knowingly conspire with each other and with other persons known and unknown to the Grand Jury to violate 18 U.S.C. § 1956 and 1957, to wit:

a. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1), with the intent to promote the carrying on the same specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i);

b. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

c. to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign

commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1), in violation of 18 U.S.C. § 1957.

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

1. The allegations contained in Counts One and Two of this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest.

2. Upon conviction of any violation of 21 U.S.C. § 846, the defendants shall forfeit to the United States (i) any property constituting or derived from any proceeds the persons obtained, and (ii) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation, pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461. The property, which is subject to forfeiture, includes but is not limited to, a money judgment, and all interest and proceeds traceable thereto, representing the proceeds of the offenses, for which the defendants are jointly and severally personally liable.

3. Upon conviction of any violation of 18 U.S.C. § 1956, the defendants shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1), including a money judgment representing funds involved in the offense.

4. Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 18 U.S.C. § 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;
    b. Has been transferred, or sold to, or deposited with a third party;
    c. Has been placed beyond the jurisdiction of the Court;
    d. Has been substantially diminished in value; or

Indictment
Page 5

   e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable properties, including, but not limited to, any identifiable property in the names of the defendants, pursuant to 21 U.S.C.§ 853(p), as incorporated by 28 U.S.C. § 2461(c).

  5. By virtue of the commission of the offenses alleged in this Indictment, any and all interest that the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c).

  All pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c) and the procedures set forth at 21 U.S.C. § 853, as made applicable through 18 U.S.C. § 982(b)(1).

A TRUE BILL

_____
GRAND JURY FOREPERSON

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

_____  2/14/24
ANAND VARADARAJAN  Date
WILLIAM TATUM

Assistant United States Attorneys

Indictment
Page 6

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 4:24CR 27 |
| | § | Judge |
| KEVIN SHELTON (1) | § | |
| STEPHANIE SHELTON (2) | § | |
| a/k/a Stephanie Celine Stewart | § | |
| JAI ELLIS (3) | § | **SEALED** |
| a/k/a "Jai Harris" | § | |
| CLAY YORK (4) | § | |
| STEPHANIE YORK (5) | § | |
| JEFFREY CORNWELL (6) | § | |
| a/k/a Boomer | § | |
| RAMAN BHAUMIK (7) | § | |
| a/k/a RamanDeep | § | |
| PRASENJIT BHAUMIK (8) | § | |
| a/k/a Jay | § | |
| DAVID POKORNY (9) | § | |

## NOTICE OF PENALTY

### Count One

Violation:  21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute a Controlled Substance)

Penalty:  Imprisonment for a term of not more than 20 years, a fine not to exceed $1 million, or both; and a term of supervised release of at least three years.

Special Assessment:  $100.00

## Count Two

Violation: 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering)

Penalty: Not more than 20 years imprisonment, a fine not to exceed $250,000, or both; supervised release of not more than 3 years.

Special Assessment: $100.00